# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# WILKESBORO DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Case No. 09-50127 |
| CURTIS DEAN SHEA ) | CHAPTER 7 |
| ADRIENNE BLOWE SHEA ) | |
| ) | |
| Debtors. ) | |

## MOTION TO VACATE CONTEMPT ORDER

First Revenue Assurance, LLC, (hereinafter "First Revenue") by and through its attorney, Brett P. Riley hereby moves this Court for relief pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60. First Revenue seeks to vacate this Court's Order Of Civil Contempt And Judgment of July 23, 2010, and as grounds therefore states the following:

### I.      BACKGROUND

1.      On January 31, 2009 Curtis and Adrienne Shea (hereinafter the "Debtors") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

2.      The Trustee filed his Report of No Distribution on March 9, 2009. The Debtors received their discharge on May 11, 2009, and the case was closed (Docket No. 12).

3.      Over the year and three months subsequent to the case closing, Debtors' counsel has filed six separate Motions for Sanctions and Attorneys Fees and Costs, and appeared for hearings on at least three occasions.

4. Focusing in on the activity that allegedly forms the basis for the Contempt Order in question, Debtors' Counsel filed Motions for Sanctions and Attorneys Fees and Costs against Alltel on June 10, 2009 (Docket No. 16). Another Motion for Sanctions and Attorneys Fees and Costs, again against Alltel, was filed on June 19, 2009 (Docket No. 24). Next, a third Motion for Sanctions and Attorneys Fees and Costs was filed, this time naming First Revenue, on October 10, 2009 (Docket No. 35). Debtors' Counsel then filed an Amended Motion for Sanctions and Attorneys Fees and Costs against First Revenue on October 21, 2009 (Docket No. 39). The conduct for which the Debtors' desire sanctions against First Revenue is allegedly based on two collection letters, that the debtors received post-discharge, for a $389.19 past due cell phone bill.

5. As a result of these various motions, the Court entered a number of orders concerning First Revenue. The first order that mentions First Revenue is found at Docket No. 45, Order to Appear and Show Cause, entered on Nov. 16, 2009. Then on November 23, 2009, the Court entered an Amended Order for Sanctions And Order For Compliance Hearing (Docket No. 47), directing First Revenue to pay $1,000 within fifteen days, have no further contact with the debtor, and that in the event First Revenue had not complied, it should appear for a compliance hearing. The Court entered another Amended Order For Sanctions and Order For Compliance Hearing (Docket No. 51) against First Revenue on February 25, 2010. The February 25 order rescinded the previous order, and ordered First Revenue to pay $500 within fifteen days, but this time the order did not mention whether any compliance hearing would take place. Apparently a hearing on the matter of First Revenue's alleged contempt did take place on June 11, 2010 which resulted in the Court's Docket entry of June 11, 2010 Disposition of Hearing and indicating that

"Additional Sanctions Awarded." Though the record is not perfectly clear on this point, it seems that either at, or subsequent to, the June 11, 2010 hearing, the Debtors sought to refer the matter to the U.S. District Court in order to pursue criminal contempt charges against First Revenue.

6.      Then on June 25, 2010 the Court entered an order that reviewed the record and recited some of the various procedural miss-steps that seemed to be plaguing the case.[1]  In that order, the Court set the matter for a hearing to take place July 12, 2010 at which time First Revenue could appear to show cause why it should not be held in contempt.

7.      The July 12, 2010 hearing occurred, and again the Debtors' attorney addressed the Court in furtherance of obtaining contempt sanctions against First Revenue. First Revenue did not appear, and had filed no pleading in response.  Upon conclusion of the hearing, the Court issued its Order Of Civil Contempt And Judgment (Docket No. 58), finding First Revenue in contempt and assessing a total fine of $20,000 as sanctions, payable to the Debtors' and their attorney, with an additional $50.00 per day accruing for each day First Revenue failed to comply with the order.  The order was entered on July 23, 2010.

8.      Finally, the record also reveals that First Revenue was not listed in the Debtors' schedules, did not file a proof of claim, and until August 12, 2010 had not filed a motion or any other pleading in the case.

---

[1] The Order of June 25, 2010 reads markedly different than all of the previous orders on this subject, in that it competently recites the Court's understanding of the record, and cites to the various pleadings, including references to docket numbers.  The previous orders appear to have been drafted by Debtors' Counsel, and, like the Debtors' motions, are less clear about the status of the proceedings.

3

## II.	BASIS FOR RELIEF FROM ORDER

9.	First Revenue seeks relief under Fed. R. Bankr. P. 9024 and F. R. Civ. P. 60(b)(4), and can show to this court that the contempt order and judgment entered July 23, 2010 is void.

10.	The Debtors motions constitute an adversary proceeding and are governed by Part VII-Adversary Proceedings, of the Federal Rules of Bankruptcy Procedure. The relief the Debtors sought in their various motions enumerated above include an injunction (that First Revenue cease contacting the Debtors) and a request for equitable relief (that the Debtors be awarded money). Fed. R. Bankr. P. 7001(7) provides that a proceeding to obtain an injunction or other equitable relief is an adversary proceeding.

11.	An adversary proceeding is properly commenced by filing with the court and then serving any parties against whom relief is sought in accordance with Fed. R. Bankr. P. 7004.  Rule 7004 requires that service upon a corporation such as First Revenue is perfected only upon the "mailing of a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to received service and the statute so requires, by also mailing a copy to the defendant." 7004(b)(3).

12.	First Revenue is a Delaware corporation, with its headquarters and principal place of business in Denver, Colorado.  At all times relevant to this matter, First Revenue has been in good standing with the Delaware, Colorado, and North Carolina Secretary of State offices, all of which maintain records readily available to the public. The North Carolina Secretary of State office provides corporate records via the internet at

4

www.secretary.state.nc.us and via telephone at (919)-807-2225. In accordance with the laws of North Carolina, First Revenue maintains a registered agent for service of process in North Carolina. The records of the North Carolina Secretary of State's office reflect that First Revenue's registered agent in North Carolina is CT Corporation System, 105 Fayetteville St. Box 1011, Raleigh NC 27601.

13. As reflected in each of the certificates of service submitted with Debtors' motions, First Revenue was not served in accordance with Fed. R. Bankr. P. 7004.

14. Debtors' Motion for Sanctions and for Attorney's Fees and Costs (Docket No. 35) and Debtors' Amended Motion for Sanctions and for Attorney's Fees and Costs (Docket No. 39) reflect that service was allegedly accomplished upon First Revenue using the following address:

> First Revenue Assurance
> Dept 13526
> P.O. Box 1259
> Oaks, PA  19456

This address is only used by First Revenue for return mail processing, and First Revenue does not have a physical location in Oaks, Pennsylvania. Assuming that the Debtors' motions were received at the P.O. box, they would have been scanned into an electronic file that First Revenue uses for updating addresses when mail is returned undeliverable. In short, the motions were never seen by anyone at First Revenue sufficient to apprise First Revenue that allegations were being made against it, and that it needed to respond. As such, First Revenue never responded to any of the motions because it was not aware of them.

15. Likewise all of the various orders, discussed above at para. 5 and 6, were not sent to an address sufficient to notice First Revenue of the proceedings against it.

16. The alleged service of Debtors' motions upon First Revenue is deficient and did not provide adequate notice sufficient to satisfy traditional standards of due process. Due process requires notice "reasonable to convey the required information… and it must afford a reasonable time for those interested to make their appearance." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). Proper service upon First Revenue could have only been achieved by serving First Revenue at its registered agent's office or a corporate officer. The record reveals that the Debtors never sent their motions to a registered agent or corporate officer, and therefore First Revenue has not been served.

17. *In re Parker*, 392 B.R. 490 (Bankr. D. Utah 2008) is a case directly on point and is virtually on all fours with the fact pattern herein. In *Parker*, the debtor filed a motion for sanctions against a creditor who had allegedly violated the automatic stay and discharge injunction. Just as the Debtors have done in this case, the debtor in *Parker* mailed copies of her motions to the creditor at both P.O. box addresses, and street addresses. However, none of the motions were addressed to a corporate officer or registered agent. When the creditor failed to respond, judgment was entered against it. Some seven years later, the creditor finally learned of the judgment when the debtor attempted to execute upon it. The creditor argued, and the Utah Bankruptcy Court ultimately held, that as the debtor's motions had not been properly served in accordance with Rule 7004, the resulting order was void. *Id.* at 494 - 496.

18. Assuming arguendo that the matter can proceed on motion as the Debtors have done, without opening an adversary proceeding, the result is still the same. The Debtors' motions as plead are governed by Fed. R. Bankr. P. 9014. *Id.* at 496. Rule

9014(b) provides that such motions shall be served in the manner provided for service of a summons and complaint by Rule 7004.

19. The order of July 23, 2010 finds First Revenue in contempt due to its failure to respond to the Debtors' motions. First Revenue argues that absent notice of the Debtors' motions, it had no obligation to respond. *In re Allen*, 417 B.R. 850 (E.D.Ky. 2009). In both *Parker,* and *Allen*, default judgments were overturned because the judgments were entered on pleadings that had been served via mail, but to insufficient addresses. The unmistakable import of the Rule 7004 requirements is to provide notice to an interested party that the court is acquiring jurisdiction over it, and that rights may be affected. It is clear that this Court never acquired jurisdiction over First Revenue sufficient to enter the order because the Debtors failed to properly serve First Revenue with a copy of their motions. Therefore, the order of July 23, 2010 is void and should be vacated.

20. Prior to filing this Motion to Vacate Contempt Order, undersigned counsel has conferred with Debtors' counsel about whether the Debtors had served First Revenue. To date, Debtors counsel has been unable to provide any proof of service that comports with Rule 7004. Debtors counsel has indicated that it is the Debtors' position that the documents on file with the Court establish that proper service was achieved. For the reasons stated above, First Revenue respectfully disagrees.

WHEREFORE, First Revenue respectfully requests that:

    a.     this Motion be granted and this Court's Order Of Civil Contempt And Judgment, dated July 23, 2010 be vacated;

      b.      in the alternative, the First Revenue be afforded an evidentiary hearing on the matters set forth herein;

      c.      for such other and further relief the Court deems appropriate.

DATED this 23rd day of August, 2010.

*s/ Brett P. Riley*_____
Brett P. Riley, Colorado Bar Number 34025
Attorney for First Revenue Assurance, LLC
The Law Offices of Irvin Borenstein
3025 S. Parker Road, Suite 711
Aurora, CO 80014
Telephone: 303-751-3025
Fax: 303-751-5600
E-mail: bpriley@loib.net

8

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **Motion To Vacate Contempt Order** and **Notice of Motion and Hearing** was served via the Court's electronic noticing system ("ECF"), and by placing the same in the United States mail, postage prepaid, this 23rd day of August, 2010, to the following:

Curtis Dean Shea
Adrienne Blowe Shea
106 Locomotive Dr.
Mooresville, NC 28115

Micheal Shane Perry
Shane Perry, PLLC
174 N. Main St.
Mooresville, NC 28115

Barrett L. Crawford
Chapter 7 Trustee
P.O. Box 580
Morganton, NC 28680

U.S. Bankruptcy Administrator
Western District of North Carolina
402 W. Trade St. Suite 200
Charlotte, NC 28202-1669

First Revenue Assurance, LLC
Attn: Watse Krol
4500 Cherry Creek Dr. South
Suite 450
Denver, CO 80246

                                      *s/ Sarah Stearns*